IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAVANDA BECK, *individually and on behalf of all persons similarly situated*, 1347 Fox Run Drive Willoughby, Ohio 44094 | CASE NO.: |
| | JUDGE |
| and | COMPLAINT (Jury Demand Endorsed Hereon) |
| TRACY D. REID, *individually and on behalf of all persons similarly situated*, 5431 Grasmere Avenue Maple Heights, Ohio 44137 | |
| and | |
| REVELL WHITNEY, *individually and on behalf of all persons similarly situated*, 25000 Rockside Road Bedford Heights, Ohio 44146 | |
| and | |
| MELCHEZIDEK K. MUHAMMAD, *individually and on behalf of all persons similarly situated*, 15225 Lucknow Avenue Cleveland, Ohio 44110 | |
| Plaintiffs, | |
| v. | |
| COUNTY OF CUYAHOGA 2079 E. 9th Street Cleveland Ohio 44115 | |
| Defendant. | |

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Shavanda Beck ("Beck"), Tracy D. Reid ("Reid"), Revell Whitney ("Whitney"), and Melchezidek K. Muhammad ("Muhammad")(sometimes collectively referred to as "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Complaint against Defendant County of Cuyahoga ("the County" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111, *et seq.*, the Ohio Constitution, Oh. Const. Art. II, § 34 and R.C. 4113.15., and all other applicable Ohio state law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts. Plaintiffs' state law claims are brought pursuant to Ohio Revised Code Chapter 4111.

3. Venue in this court is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to Plaintiffs' and Class Members' claims occurred within this judicial district. Plaintiffs and other Class Members performed work in this judicial district and were paid pursuant to the County's unlawful pay policy in this judicial district, and the County routinely conducts business in this judicial district. Moreover, the County is a body politic in the State of Ohio.

## PARTIES

4. At all times relevant herein, Plaintiff Beck was a resident of the City of Willoughby, County of Lake, State of Ohio and is a United States Citizen.

5. At all times relevant herein, Plaintiff Reid was a resident of the City of Shaker Heights, County of Cuyahoga, State of Ohio and is a United States Citizen.

6. At all relevant times herein, Plaintiff Whitney was a resident of the City of Bedford Heights, County of Cuyahoga, State of Ohio and is a United States Citizen.

7. At all relevant times herein, Plaintiff Muhammad was a resident of the City of Cleveland, County of Cuyahoga, State of Ohio and is a United States Citizen.

8. At all times relevant herein, Plaintiffs were "employees" in the "employ" of the County for its Juvenile Court Division, as defined in 29 U.S.C. §§ 203(e)(2)(C) and (g) and R.C. 4111.03(D)(1) and (2). The County's Juvenile Court Division consists of employees who hold the following job classifications: "activities assistant; cook; custodial worker; detention clerk; detention officer; food service worker; and lead detention clerk." Moreover, the County continues to employ similarly situated employees.

9. At all times relevant herein, the County was an employer within the meaning of 29 U.S.C. § 203(s)(1)(C) and R.C. 4111.03(D)(2).

10. The County did not employ Plaintiffs in a bona fide executive, administrative or professional capacity and Plaintiffs did not perform work for the County in a bona fide executive, administrative or professional capacity, as defined in 29 U.S.C. § 213(a)(1) and R.C. 4111.03(D)(3)(d).

11. Pursuant to 29 U.S.C. §216(b), Plaintiffs have consented in writing to being Plaintiffs in this action. *See Exhibit 1*.

## CLASS DEFINITIONS

12. Plaintiffs bring this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential opt-in litigants:

> All current or former hourly, non-exempt employees of the County who performed work for its Juvenile Court Division at any time during the last three years, who were not compensated at a rate of one and one half times their regular rate of pay for all hours worked over forty in a workweek (the "FLSA Class").

13. Plaintiffs bring this lawsuit for Counts II and III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current or former hourly, non-exempt employees of the County who performed work for its Juvenile Court Division at any time during the last six years[1], who were not compensated at a rate of one and one half times their regular rate of pay for all hours worked over forty in a workweek (the "Ohio Class").

14. The FLSA Class and the Ohio Class are together referred to as the "Classes."

15. Plaintiffs reserve the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTUAL BACKGROUND

16. At all times relevant herein, Plaintiffs were employed by the County for its Juvenile Court Division in hourly non-exempt positions, at its Juvenile Detention Center, located at 9300 Quincy Avenue, Cleveland, Ohio 44106.

17. Plaintiffs were regularly scheduled to work forty (40) hours per week, totaling eighty (80) hours per each bi-weekly pay period. Generally, Plaintiffs were scheduled to work five (5), eight (8) hour shifts in one work week.

18. Plaintiffs and the Class Members regularly worked in excess of 40 hours per week, exclusive of scheduled overtime shifts. However, the County calculated these overtime

---

[1] The statute of limitations for Plaintiffs' unjust enrichment claim is six years, pursuant to R.C. 2305.07. Therefore, employees may be members of the Ohio Class if they were employed on or after April 12, 2013, for at least one of the claims alleged on behalf of the Ohio Class.

hours as part of Plaintiffs' regular earnings and ***did not*** include them as part of Plaintiffs' overtime earnings.

19. The County did not pay Plaintiffs and the Class Members overtime compensation for hours worked over 40 per workweek.

20. The County, at all relevant times described herein, did not maintain accurate records of the hours that Plaintiffs and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA.

21. The County has acted willfully and/or with reckless disregard of applicable FLSA and Ohio state law provisions, by failing to properly compensate Plaintiffs and the Class Members for hours worked in excess of forty (40) during the workweek.

22. Moreover, during the entire relevant time period, the County was aware that the Plaintiffs and the Classes were not properly compensated under the FLSA and Ohio state law, because it failed to properly track, monitor, or record the actual number of hours per day that Plaintiffs and the FLSA Class members worked, as required by the FLSA.

23. Additionally, the County has consistently failed to pay Plaintiffs and the Classes overtime on a timely basis. The County routinely does not pay Plaintiffs and the Classes overtime on the regular payday following the pay period in which the overtime was worked.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

25. Plaintiffs deserve to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

26. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to the County's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, the County's common compensation, timekeeping, and payroll practices.

27. Specifically, the County paid Plaintiffs and the FLSA Class at an hourly rate and failed to pay overtime as required by federal law.

28. The similarly situated employees are known to the County, are readily identifiable, and may be located through the County's records and the records of any payroll companies that the County utilizes. The County employs many FLSA Class Members within its Juvenile Court Division. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Ohio Class defined above.

30. The members of the Ohio Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than one hundred (100) members of the Ohio Class.

31. The Plaintiffs will fairly and adequately represent and protect the interests of the Ohio Class because there is no conflict between the claims of Plaintiffs and those of the Ohio Class, and Plaintiffs' claims are typical of the claims of the Ohio Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

32. There are questions of law and fact common to the proposed Ohio Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether the County has violated and continues to violate Ohio law through its policy or practice of not paying its hourly, non-exempt detention officers overtime compensation.

33. Plaintiffs' claims are typical of the claims of the Ohio Class in the following ways, without limitation: (a) Plaintiffs are members of the Ohio Class; (b) Plaintiffs' claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Ohio Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the Ohio Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Ohio Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Ohio Class members.

34. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual Class members.

35. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Ohio Class is readily identifiable from the County's own employment records. Prosecution of separate actions by individual members of the Ohio Class would create the risk of inconsistent or varying adjudications with respect to individual Ohio Class members that would establish incompatible standards of conduct for the County.

36. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impracticable. Further, the amounts at stake for many of the Ohio Class members, while substantial, are not great enough to enable them to maintain separate suits against the County.

37. Without a class action, the County will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Ohio Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION

38. All the allegations contained in paragraphs 1-37 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

39. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed pursuant to U.S.C. § 207(a)(1).

40. By engaging in the above-described acts and omissions, which acts and omissions were intentional, willful, extreme and outrageous, Defendant knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times the regular hourly wage

for hours worked in excess of forty (40) hours per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

## SECOND CAUSE OF ACTION

41. All the foregoing allegations contained in paragraphs 1-41 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

42. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to make, keep and preserve records of the hours worked by Plaintiffs and the FLSA Class, in violation of the FLSA.

## THIRD CAUSE OF ACTION

43. All the foregoing allegations contained in paragraphs 1-42 of the Complaint are hereby re-stated and re-alleged as if fully incorporated herein.

44. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to make, keep and preserve records of the hours worked by Plaintiffs and the Ohio Class, in violation of the OMFWSA and the Ohio Constitution, Oh. Const. Art. II, § 34.

## FOURTH CAUSE OF ACTION

45. All the allegations contained in paragraphs 1-44 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

46. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully failed to promptly pay overtime to Plaintiffs and the Ohio Class in violation of R.C. 4113.15.

### FIFTH CAUSE OF ACTION

47. All the allegations contained in paragraphs 1-46 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

48. By engaging in the above-described acts and omissions, which acts and omissions were willful, intentional, extreme and outrageous, Defendant knowingly and willfully violated the OMFWSA and the Ohio Constitution, Oh. Const. Art. II, § 34 by failing to pay Plaintiffs and the Ohio Class for all hours worked and failing to pay Plaintiffs and the Ohio Class all overtime compensation due them.

### SIXTH CAUSE OF ACTION

49. All the allegations contained in paragraphs 1-48 of the Complaint are hereby restated and re-alleged as if fully rewritten herein.

50. At all relevant times hereto, Defendant devised and implemented a plan to increase its budget and/or profits by fostering a scheme of securing work from Plaintiffs and the Ohio Class without paying overtime compensation for all hours worked.

51. Contrary to all good faith and fair dealing, Defendant induced Plaintiffs and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

52. By reason of having secured the work and efforts of Plaintiffs and the Ohio Class without paying overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the Ohio Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

53. By engaging in the above-described acts and omissions, which acts and omissions were intentional, willful, extreme and outrageous, including receiving and benefiting from the uncompensated labors of Plaintiffs and the Ohio Class, Defendant has been unjustly enriched.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that this Court grant the following relief against Defendant Cuyahoga County:

1. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b); and

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members; and

3. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Ohio Class; and

4. Compensatory damages for all unpaid compensation, including overtime compensation, the exact amount to be determined at trial; and

5. Liquidated and/or treble damages as allowed by the FLSA, the OMFWSA, the Ohio Constitution, Oh. Const. Art. II, § 34 and R.C. 4113.15; and

6. Pre-judgment and post-judgment interest on damages; and

7. Punitive damages, in an amount necessary and appropriate to punish, the exact amount to be proven at trial; and

8. Reasonable litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

9. Such further relief as this Court deems necessary and appropriate.

## JURY DEMAND

Plaintiffs request a jury trial on all legal matters contained in the Complaint.

                CONSOLO LAW FIRM CO., LPA

                /s/ Frank Consolo
                FRANK CONSOLO [0042455]
                HORACE F. CONSOLO [0096571]
                212 Hoyt Block
                700 West St. Clair Avenue
                Cleveland, Ohio 44113
                (216) 696-5400 FAX (216) 696-2610
                fconsolo@consololaw.com
                hconsolo@consololaw.com
                *Attorneys for Plaintiffs*