UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAVANDA BECK, ET AL., | ) | CASE NO.1:19CV818 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| CUYAHOGA COUNTY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter is before the Court on Plaintiffs' amended Motion for Class Certification. (ECF # 32). For the following reasons, the Court denies Plaintiffs' Motion.

Plaintiffs seek to Certify a Class under Federal Rule of Civil Procedure 23 on their Ohio claims at Counts Two and Three of their Amended Complaint. They propose to certify a class defined as:

> All current or former hourly, non-exempt employees of the County who performed work for its Juvenile Court Division as Detention Officers at any time between April 12, 2016 and the present, whose record of hours worked were not made, kept or preserved by the County and who were not compensated at a rate of one and one half times their regular rate of pay for all hours worked over forty in a workweek (the "Ohio Class").

In their Amended Complaint, Plaintiffs allege three causes of action. First, they allege Defendant Cuyahoga County failed to pay Plaintiffs and the putative class overtime compensation at the statutory rate of one and one-half times their regular rate of pay for hours worked in excess of forty hours a week in violation of the FLSA, 29 U.S.C. § 207(a)(1).

Second, they allege Defendant willfully and knowingly failed to make, keep and preserve records of the hours worked by Plaintiffs and the putative class in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and the Ohio Constitution Art. II.  Third, Plaintiffs allege Defendant knowingly and willfully violated the OMFWSA and the Ohio Constitution Art II by failing to pay Plaintiffs and the putative class overtime wages at the statutory rate of one and one-half times the hourly rate for hours worked in excess of forty hours in a given week.

**Background Facts**

According to Plaintiffs, Defendant employs a substantial number of people at its Juvenile Court Division located in Cleveland, Ohio who are not exempt from the statutory pay requirements of the FLSA and OMFWSA.  Included in this employment are those employed by the Juvenile Court Division at the Detention Center as Detention Officers.

Defendant tracks its Juvenile Court Division hourly employee hours through its Kronos time-keeping system.  This system is a bio-metric system using an employee's fingerprint to login and logout.  The Kronos system records an employee's hours worked in a decimal format.  The Kronos system records the hours an employee is scheduled to work in a day, the hours they actually work in a day and the hours they will compensated for in a given day.

Unit Managers are required to compare an employee's scheduled hours to an employee's actual hours worked and have the authority to edit the actual hours worked by an hourly employee in the Kronos system.  Although they are typically scheduled to work forty hours in a given work week, hourly employees often exceed forty hours worked in a given

week because Defendant requires hourly employees to continue working until they complete their daily assignments. Yet, according to Plaintiffs, Unit Managers routinely edit hourly employee hours to prevent overtime pay.

Plaintiffs further allege that pursuant to Defendant's own pay policies and applicable Collective Bargaining Agreement, an hourly employee's compensatory time, exchange time, holidays, vacation time, military time and bereavement leave are to be counted as hours worked for purposes of computing overtime for non-exempt hourly employees of the County's Juvenile Court Division. Despite these policies and agreements, Defendants allegedly failed to include such time when computing overtime pay.

Plaintiffs originally sought to certify a class containing numerous job classifications within the Juvenile Court Division. However, in ruling on a Motion for Conditional Certification, this Court denied certification of the class because Plaintiffs offered no evidence that employees other than Detention Officers suffered FLSA-violating pay policies. The Court ordered Plaintiffs to file an amended class definition and amended Motion for Class Certification limited to Detention Officers which is now before the Court.

**Class Certification**

In order for the court to certify a class, Plaintiffs must satisfy the requirements of Fed. R. Civ. P. 23 which reads:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

**(1)** the class is so numerous that joinder of all members is impracticable;

**(2)** there are questions of law or fact common to the class;

3

**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

**(4)** the representative parties will fairly and adequately protect the interests of the class.

In addition to the Rule 23(a) requirements, Plaintiffs must satisfy one of the requirements under Rule 23(b) which reads:

**(b) Types of Class Actions.** A class action may be maintained if:

Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

**(A)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

**(B)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

**(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

**(B)** the extent and nature of any litigation concerning the controversy already

begun by or against class members;

**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

**(D)** the likely difficulties in managing a class action.

Here, Plaintiffs argue they can meet the requirements of Rule 23(b)(3).

In their amended Motion for Class Certification, Plaintiffs contend class certification is appropriate because Plaintiffs can show the putative class satisfies all the required elements under Fed R. Civ. P. 23. On information and belief, Plaintiffs assert the Defendant employs over one hundred Detention Officers. Moreover, fifty Detention Officers have opted-in to the collective/class action. All attest to having worked more than forty hours in a given week during the class definition period.

Plaintiffs further allege all Detention Officers suffered the same violations of the OMFWSA and Ohio Constitution Art. II § 34 regarding overtime pay and accurate record keeping. Thus, common questions of law and fact make class certification preferable in resolving these issues. These issues are:

> (1) not paying Ohio Class members at all (at any rate) for hours worked in excess of 40 or in excess of their schedule; (2) not paying Ohio Class members at a rate of one and one-half times their respective regular rates of pay for all hours worked in excess of 40 in a workweek; (3) manually editing, deducting, entering and/or altering the actual hours that an Ohio Class member works in the Kronos timekeeping system in order to ensure that such employees do not report working more than 40 hours in a workweek; (4) manually editing, deducting, entering and/or altering Ohio Class members' timesheets in the Kronos system to discount compensatory time, exchange time, holidays, vacation time, military time, and bereavement leave as hours worked when computing overtime compensation; and (5) deliberately issuing paystubs to the Ohio Class members which reflect incorrect pay periods in order to make

detection of compensation errors difficult.

According to Plaintiffs, these claims are typical of the class and favor class resolution. Moreover, the Named Plaintiffs will adequately represent the Class and their claims are not antagonistic to the Class but are typical of the same.

Predominance and superiority requirements are met because no member of the Class seeks to pursue their claims individually; particularly since recovery may be small and not cost effective for individual members to bring suit individually. Thus, Plaintiffs allege class certification is the most appropriate and superior method for resolving these issues.

**Defendant's Opposition**

Defendant opposes the amended Motion for Class Certification because the evidence needed to support each Plaintiff's claim is highly individualized and would result in over a hundred mini-trials. Furthermore, according to Defendant, the amended class definition is confusing, unworkable and represents a fail-safe class wherein the Court must first determine the merits of each Plaintiff's claim in order to determine if they are a member of the class.

Defendant contends the relevant evidence shows not only that Defendant has a clear policy of paying overtime for all hours worked over forty hours in a given week but shows that it does, in fact, pay overtime hours on a regular basis.

Defendant argues Plaintiffs cannot meet the predominance requirement of Fed. R. Civ. P 23(b)(3) because Plaintiffs' claims are not subject to generalized proofs. Each Plaintiff would need to be questioned on the hours they worked in excess of forty hours in a given week and what they were paid for those hours; particularly since the class maintains that the

6

hours they actually worked were not reflected in the hours recorded by the Kronos system. Thus, individual class members would need to testify that they worked compensable hours "off-the-clock" in order to prove Defendant violated Ohio pay laws and the Court would need to compare the hours recorded by Defendant to the hours each employee testifies they worked.

For claims that employees were not paid for time spent walking to their worksite after clocking in, such claims require highly individualized inquiry since each employee has to walk different distances to their respective worksites.

As for the claim that Managers regularly deleted hours worked by employees, this too will require individualized testimony from each class member as to what hours they believe were deleted.

Individualized inquiry will also be required for claims that employees vacation, sick and bereavement time off was not calculated in determining overtime hours worked.

Also, the Plaintiffs are all Union employees and their employment conditions, including overtime pay violations, are governed by a collective bargaining agreement. That agreement gives employees the right to file a grievance for unpaid hours. Thus, superiority is not met because the Plaintiffs have a superior means of addressing their claims.

Plaintiffs' class certification motion also fails because merely alleging that all members suffered a violation of the same law is insufficient without some common question of law or fact that is amenable to classwide determination.

Finally, Defendant alleges the motion for class certification must fail because the class definition is confusing because the definition that class members' "whose record of hours

worked were not made, kept or preserved by the County" is nonsensical as even Plaintiffs admit the Defendant records time worked through its Kronos system and Defendant produced time sheets and paystubs. In order to be a class member, a highly individualized inquiry in to what records are missing for each employee would be required.

The Court asked the parties to brief additional issues recognizing that these questions would largely be based on documents and information largely in Defendant's possesion:

**Who has authority to edit time records in Kronos?**

According to Defendant, managers and senior managers in human resources, along with certain select human resources employees, have the authority to edit employee time records. All changes are recorded and an audit trail is created. According to Defendant, edits are necessary as only after edits are made can an employee be paid for overtime if they work an unscheduled shift or if an employee forgets to punch in or out. Thus, edits are necessary to ensure that an employee gets paid for all hours worked.

Employees are expected to review and approve their timecards at the end of the pay period. The supervisor then reviews timecard and either approves the timecard or, if an issue is discovered, the supervisor refers the matter to HR for investigation. If no issue is discovered or raised by the employee, HR refers the time submissions and issues the checks or deposits the funds into the employee's direct deposit account. An employee may still challenge the payment through HR. The Juvenile Court then investigates the matter and includes any underpayment in the employees next check or direct deposit.

Plaintiffs assert that Unit Managers may edit a Detention Officer's previous pay

period, current pay period and next pay period.  In addition, Unit Managers may edit a selected pay period.  Only Unit Managers and certain select managerial staff have the ability to view the edits made to a Detention Officer's timecard; Detention Officers cannot view these edits.

Unit Managers are required to approve the Detention Officer's timecard but only after the Detention Officer has approved their own timecards.  Consequently a Unit Manager can edit a Detention Officer's timecard after the Detention Officer has approved it.  Since this suit was filed, Unit Managers can no longer edit Detention Officer's timecards.

**<u>Waiver of the Time Limit for Filing A Grievance</u>**

Defendant points out  that if Plaintiffs' claims fall within a grievance filed by the Union in Grievance 1904, it is presently pending in state court, therefore, no waiver is necessary.

Plaintiffs have informed the Court that on December 1, 2020 Cuyahoga County filed a suit in Cuyahoga County Court of Common Pleas seeking a declaratory judgment that the parties' collective bargaining agreement of January 1, 2017- December 31, 2019 is void *ab initio* or expired.  Furthermore, the Juvenile Court issued a memo to its employees that the CBA no longer governs and the Employee Handbook controls.  As a result, the grievance procedure no longer applies.

Regardless of whether the CBA or the Employee Handbook controls, Plaintiffs contend neither precludes Plaintiffs' FLSA and OMFWSA claims as the FLSA does not allow waivers of its pay provisions.

**Kronos periodic auditing for Accuracy**

Pursuant to O.R.C. § 117.11 the State of Ohio performs an annual audit of Cuyahoga County and reviews randomly selected timecards of the juvenile court by the State Auditor. Along with this State audit the Juvenile Court performs its own targeted audits.

**County Policy for Those With Authority to Edit Timecards in Kronos**

According to Defendants there is no written policy, rule or regulation instead there is the Manager's Guide to Kronos timekeeper which contains instructions for Managers and HR personnel.

**Sample Kronos Records of Named Plaintiffs with Time Edits.**

Defendants have attached sample 2018 time cards for Plaintiffs Beck, Reid, Whitney and Muhammad.

**Did Employees Obtain Permission Before Working Overtime Hours as Required by the Employee Handbook**

Defendant alleges there are times that an employee may not have obtained approval or the supervisor may not have had time to approve an employee's timecard.  However, Defendant always pays its employees for all time worked.

Plaintiff argues that regardless of whether any approval was sought or obtained, the FLSA and OMFWSA both require an employer pay an employee for all hours worked. Moreover, Plaintiffs' Amended Complaint alleges that Defendant knew its employees were working overtime hours, turned a blind eye to it but did not pay overtime at the statutory rate.

10

**Fail-Safe Class Definition**

According to Defendant, the class definition must be rejected because it is a fail-safe class. A fail-safe class definition "is an independent ground for denying class certification." A fail-safe class definition is one in which the class is defined so that only those individuals who are entitled to relief are included in the class. *Randleman v. Fid. Nat'l Title Ins. Co.,* 646 F.3d 347, 352 (6th Cir. 2011). Such a class definition requires the court to rule on the merits of the each class members' claim in order to determine who is included in the class. See *Bryant v. King's Creek Plantation, L.L.C.,* No. 4:20-cv-00061, 2020 U.S. Dist. LEXIS 226044, at *6 (E.D. Va. June 22, 2020).

The Sixth Circuit in *Young v. Mutual Insurance* examined whether a class definition was a fail-safe class definition. The Sixth Circuit found that the class definition did not constitute a fail-safe class definition because it did not include only those putative members who are entitled to relief. The Sixth Circuit reasoned:

> All parties concede that a class definition is impermissible where it is a "fail-safe" class, that is, a class that cannot be defined until the case is resolved on its merits. See *Randleman v. Fidelity Nat'l Title Ins. Co.,* 646 F.3d 347, 352 (6th Cir.2011) ("Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment."). The class definition at issue before us includes persons "who were charged local government taxes on their payment of premiums which were either not owed, or were at rates higher than permitted." Defendants assert that the determination of whether premium taxes were charged that were not owed or were at rates higher than permitted goes to the heart of the claims and impermissibly determines a required element of each claim against them. But a "fail-safe" class is one that includes only those who are entitled to relief. Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment—either those "class members win or, by virtue of losing, they are not in the class" and are not bound. *Randleman*, 646 F.3d at 352. Such a result is prohibited in large part

11

> because it would fail to provide the final resolution of the claims of all class members that is envisioned in class action litigation. Plaintiffs' classes will include both those entitled to relief and those not. Defendants' other argument—that they are not ultimately liable for many of the class members, even if they were incorrectly charged—proves the point. This is not a proscribed fail-safe class.

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012).

The proposed amended class definition here contains the following allegedly fail-safe statements: the class is defined as those employees who suffered from Defendant "fail[ing] to make, keep and preserve records of the hours worked by Plaintiffs and the Ohio Class," and those "who were not compensated at a rate of one and one half times their regular rate of pay for all hours worked over forty in a workweek."

These two class definition statements present clear fail-safe class definitions as the class could only be determined after the Court makes a decision on the merits of each class member's claims. For instance, it is a violation of the OMFWSA if an employer fails to pay employees overtime wages at the statutory rate of one and one-half times their hourly rate for hours worked over forty hours in a given week. under the OMFWSA. See *Stang v. Paycor, Inc.,* 582 F. Supp. 3d 563, 566 (S.D. Ohio 2022) citing Ohio Rev. Code § 4111.03(A). (" An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek...").

It is also a violation of the OMFWSA for an employer to fail to keep records of an employees hours worked. See Ohio Rev. Code Ann. § 4111.08. (" Every employer subject to section 4111.03 of the Revised Code, or to any rule adopted thereunder, shall make and keep for a period of not less than three years a record of the name, address, and occupation of each

of the employer's employees, the rate of pay and the amount paid each pay period to each employee, the hours worked each day and each work week by the employee, and other information as the director of commerce prescribes by rule as necessary or appropriate for the enforcement of section 4111.03 of the Revised Code, or of the rules thereunder.").

Thus, in order for an individual to be a class member there must first be a determination that they were not paid overtime at the statutory rate and their pay records were not kept. Both findings necessarily result in a merits determination on each individual's claim in order for the individual to be a class member and therefore, constitutes a fail-safe class, which is proscribed by law.

Because this issue alone is sufficient to warrant denial of Plaintiff's amended Motion for Class Certification, the Court need not address the other issues such as employer approval of overtime hours or the individual inquiries needed to address Plaintiffs' claims.

Therefore, because Plaintiffs' class definition constitutes a fail-safe class definition, the Court denies Plaintiffs' Motion. The case shall proceed on Plaintiffs' FLSA collective action and individual state law claims.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge