UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAVANDA BECK, et al., | ) | Case No.: 1:19-cv-00818 |
| | ) | |
| Plaintiffs, | ) | Judge Christopher A. Boyko |
| | ) | |
| v. | ) | |
| | ) | **ORDER OF DISMISSAL AND** |
| COUNTY OF CUYAHOGA, | ) | **APPROVING SETTLEMENT** |
| | ) | |
| Defendant. | ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement"), and the Declaration of Plaintiffs' Counsel, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On April 12, 2019, Representative Plaintiffs, Shavanda Beck, Tracy D. Reid, Revell Whitney, and Melchezidek K. Muhammad, who were employed by Defendant as Detention Officers, commenced this action against Defendant as a result of Defendant's alleged practices and policies of not paying them and other similarly situated employees for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek. As explained in the Amended Complaint (filed on July 22, 2019), Representative Plaintiffs brought this action, in part, as a "collective action" alleging that Defendant's practices and policies violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Doc. 8).[1]

---

[1] Plaintiffs also brought this action as a "class action" pursuant to Fed. R. Civ. P. 23 alleging that Defendant's practices and policies violated the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. §§ 4111, *et seq*. (Doc. 8). However, the Court ultimately denied Rule 23 Class Certification (Doc. 63).

2. Defendant has denied that the claims asserted in the Action have merit or that the Action is appropriate for collective treatment, deny liability, and deny that Plaintiffs were improperly compensated under the FLSA.

3. On September 24, 2021, this Court entered an Order granting, in part, Plaintiffs' motion for conditional certification of the FLSA collective, finding that "the evidence presented supports conditional certification of a collective action for detention officers" (Doc. 30 at Page ID # 688). Plaintiffs subsequently modified the FLSA collective definition accordingly, and on November 11, 2021, the Court entered an order approving the modified collective definition, thereby conditionally certifying an FLSA collective defined as follows:

> All current or former hourly, non-exempt employees of Cuyahoga County who performed work as Detention Officers for its Juvenile Court Division at any time between April 12, 2016 and the present who were not compensated at a rate of one and one half times their regular rate of pay for all hours worked over forty in a workweek. (Doc. 35.)

4. Thereafter, notice was issued and—in addition to the Opt-In Plaintiffs who submitted consent forms prior to conditional certification—an additional 42 individuals opted-in to this case during the notice period. (*See* Doc. Nos. 40 through 55).

5. The Parties advise this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement.

6. The Parties advise this Court that they engaged in extensive formal discovery, which included time and pay records for Plaintiffs, and a complete analysis and calculation of Plaintiffs' alleged overtime damages.

7. The Parties advise this Court that they engaged in extensive legal discussion, which included several communications between counsel for the Parties.

8. The Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to their Joint Motion for Approval.

9. The Parties stipulate to this Court that a bona fide disputes exist between the them, including, *inter alia*: whether Defendants violated the FLSA; whether Representative Plaintiff and the Opt-In Party Plaintiffs performed pre/post-shift work that is compensable under the FLSA; whether the time spent performing the alleged pre/post-shift work was *de minimis* and not compensable; the amount of potential damages including whether Plaintiffs are entitled to any overtime compensation; whether Defendants acted willful, and thus, whether the two (2) year or three (3) year statute of limitations applies; and, if Plaintiffs were to succeed on the merits, whether they would be entitled to liquidated damages or whether Defendants have a good faith defense that would preclude an award of liquidated damages.

10. The Court hereby accepts and approves the proposed Settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the FLSA.

11. The Court orders that the Settlement Payments be distributed to the Plaintiffs in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

12. The Court approves the payment to Plaintiff's Counsel for Plaintiff's Counsel's Attorneys Fees and Expenses as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

13. The Court approves the Service Award Payment to the Representative Plaintiffs in recognition of their services in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

14. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this 14th day of May, 2024

*Christopher A. Boyko*
_____
Judge Christopher A. Boyko
United States District Court